IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:17-CV-00295-FL

| | |
|---|---|
| ELENA COLEMAN, on behalf of minor child N.C., ) ) ) Plaintiff, ) ) v. ) ) ) WAKE COUNTY BOARD OF ) EDUCATION, and WAKE COUNTY ) PUBLIC SCHOOL SYSTEM, ) ) Defendants. | ORDER |

This matter is before the court on non-party North Carolina Department of Public Instruction's ("DPI") motion to seal or in the alternative for an extension of time to file the administrative record with redactions (DE 61). In this posture, the issues raised are ripe for ruling. For the reasons that follow, DPI's motion to seal is granted, and DPI shall be relieved of the prior requirement imposed by this court to file the administrative record with redactions.

On November 27, 2018, the court ordered that defendants file a redacted version of the administrative proceedings submitted by DPI, omitting certain sensitive information. The court also ordered that the administrative record be permanently sealed. On December 6, 2018, DPI, as custodian of the aforementioned records, filed a motion to relieve it of its obligation to submit a redacted version of the administrative record, or in the alternative for an extension of time to comply with the court's order.

"The right of public access [to court records] derives from two independent sources: the First Amendment and the common law." In re U.S. for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). The public has a First Amendment right of access to these documents submitted in conjunction with a dispositive motion. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 579 (4th Cir.2004) (citing Rushford v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir.1988)). This right of access is stronger than the common law right. In re State–Record Co., 917 F.2d 124, 127 (4th Cir.1990). Thus, the parties must offer a compelling reason to keep these documents under seal. Washington Post, 386 F.3d at 578–79. Before entering on order to seal, the court the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Anticipating that the parties would wish to use the sealed administrative record in support of a motion for summary judgment, the court analyzes the order to seal under the First Amendment standard. The public has been provided notice of DPI's request to be relieved of the obligation of filing a redacted version of the administrative record, which as a practical matter would leave the entire administrative record sealed. Notice was provided by DPI's motion.

Additionally, less drastic alternatives to sealing the entire administrative records do not exist. The administrative record is full of sensitive educational and medical information pertaining to minor plaintiff. See, e.g., Rosenfeld v. Montgomery Cnty. Pub. Schs., 25 Fed. Appx. 123, 132 (4th Cir. 2001) ("[D]istrict court should consider FERPA in making its determinations whether sealing of [] documents is appropriate . . . ."); Painter v. Doe, No. 3:15-CV-369-MOC-DCK, 2016 U.S. Dist.

2

LEXIS 91003, at *12-14 (W.D.N.C. July 13, 2016) (finding that FERPA provides a compelling interest in protecting the privacy of student records and that movant narrowly tailored her request where she sought only to prevent access of documents to the public, not opposing party). Although the court ordered defendant to file a redacted version of the administrative record, it did so improvidently. To comply with such a redaction requirement would present a significant hardship to DPI and would not necessarily protect plaintiff's privacy interests. Therefore, no less drastic alternatives exist to sealing the administrative record as a whole.

Having made the above findings, the court GRANTS DPI's motion to be relieved of the obligation to file a redacted version of the administrative record (DE 61). The court DENIES AS MOOT DPI's motion for extension of time to file a redacted version of the administrative record (DE 61). The parties are ALLOWED to access the sealed administrative record (DE 55, 56) in order to prosecute the case. Should the parties have questions regarding access to these sealed documents, they are DIRECTED to contact the clerk's office.

SO ORDERED, this the 18th day of December, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge