IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-295-FL

| | |
|---|---|
| ELENA COLEMAN, on behalf of minor child N.C., ) ) ) Plaintiff, ) ) v. ) ) ) WAKE COUNTY BOARD OF EDUCATION, and WAKE COUNTY PUBLIC SCHOOL SYSTEM, ) ) ) ) Defendants. ) | ORDER |

This matter is before the court on a plethora of motions by pro se plaintiff, proceeding on behalf of her minor child, N.C., including: to amend Rule 26(a) disclosures (DE 57); for leave to amend (DE 58); to admit into evidence and file under seal deposition transcripts (DE 69); to file objections and corrections to the administrative record (DE 70); and to file under seal or in the alternative to file exhibits with redactions and index (DE 71). Also before the court is defendants' notice of corrections and objections to the administrative record (DE 67). Issues raised are ripe for ruling.

**BACKGROUND**

After receiving leave to proceed in forma pauperis, plaintiff filed complaint July 10, 2017. Plaintiff's allegations finally were framed in second amended complaint filed March 30, 2018. Plaintiff alleges defendants violated the Individuals with Disabilities Education Act ("IDEA"), 20

U.S.C. § 1400 et seq., by failing to give N.C. a free appropriate public education ("FAPE"). Specifically, plaintiff alleges that defendants failed reasonably to calculate and implement plaintiff's individualized education program ("IEP"). She complains that procedures used in the state administrative hearing on N.C.'s claims were inadequate. Plaintiff seeks damages together with an order requiring defendants to provide compensatory education. Defendants deny any liability.

Upon receipt of the parties' proposed case management plans, a case schedule was put into place July 2, 2018, providing for, among other things, filing of the administrative record by the North Carolina Department of Public Instruction ("NCDPI"). This aspect of the case has not gone smoothly. Record later deemed incomplete by the parties was filed September 19, 2018. More parts of the record followed on the docket November 6, 2018, raising issue as to necessity for sealing, addressed in this court's December 18, 2018, order. Issues remain concerning sufficiency of the record.[1]

On November 21, 2018, plaintiff filed the instant motion for amendment of damages in her Rule 26(a) disclosures, to which no response has been made. Plaintiff also filed that same day her "motion to amend and supplemental pleadings to include IDEA claim," to which defendants

---

[1] On January 15, 2019, defendants filed notice of objections and corrections to the administrative record before this court. Defendants inform there is agreement to addition of the following exhibits made a part of the record: 1) Order Setting Hearing and General Prehearing Order (01/21/2016); 2) Notice of Appearance for Rawson (01/27/2016); 3) Reply to Respondent's Response to Petitioners' Motion to Quash (02/24/2016); 4) Motion (and Proposed Order) to Continue Hearing (03/26/2016); 5) Reply to Response to Partial Motion to Dismiss (03/26/2016); 6) Petition for Contested Case (2nd Petition) (05/10/2016); 7) Order Continuing Hearing (06/13/2016); 8) Notice of Prehearing Conference (07/22/2106); 9) Petitioners' Witness List (08/09/2016); 10) Petitioners' Exhibit List (08/09/2016); 11) Petitioners' Proposed Order on the Final Pre-Trial Conference (08/09/2016); 12) Petitioners' Amended Issues for Hearing (08/11/2016); and 13) Notice of Definite Hearing Dates (08/18/2016). Defendants propose entering four audio recordings from the administrative hearing in to the record (Petitioners' Exhibits 417, 418, 420, and 423). Defendants argue that, because all four recordings were played during the hearing, those portions of the recordings that were admitted into evidence necessarily are part of the administrative record. Plaintiff only objects to admission of Petitioners' Exhibit 418. Finally, defendants argue that Petitioners' Exhibit 247 should be stricken from the administrative record because it was not entered into evidence at administrative hearing. (See Administrative Record (DE 49-3) at 606-09). Defendants manually have filed the audio recordings with the court.

responded in opposition December 12, 2018. Plaintiff's remaining three motions were filed around two months later, on January 18, 2019, responded to as a whole in defendants' February 8, 2019, brief. Plaintiff has not lost opportunity to reply to defendants' responsive arguments.

**DISCUSSION**

Following address of issues raised by defendants concerning sufficiency of the record, the court takes up below plaintiff's motions.

A.     Defendants' Notice of Objections and Corrections to the Record (DE 67)

As noted above, the parties agree that certain exhibits submitted by defendants should be received in evidence. (See Notice (DE 67); Motion (DE 70)). Defendants' exhibits attached to their notice of objections and corrections to the administrative record (DE 67-1) are received by the court as additional evidence. Petitioners' Exhibits 417, 418, 420, and 423 are also received by the court as additional evidence based on the court's discussion of Petitioners' Exhibit 418 above and no objection as to Petitioners' Exhibits 417, 420, and 423. (See DE 68).

Finally, defendants notice veils motion to exclude Petitioners' Exhibit 247. (Administrative Record (DE 49-3) at 606-609). The exhibit contains minutes from the individualized education program team meeting on December 5, 2013. (Administrative Record (DE 49-3) at 606-609). Defendants argue that plaintiff did not offer Petitioners' Exhibit 247 as evidence at the hearing, and therefore it should be excluded. The verification of plaintiff's counsel at administrative hearing shows that Petitioners' Exhibit 247 was not filed as evidence. (See Administrative Record (DE 49-3) at 610-16). Plaintiff has offered no explanation as to why this record was not offered as evidence at the hearing. Therefore, the court excludes Petitioners' Exhibit 247 from the administrative record. Defendants' objections and corrections to the administrative record are sustained.

B.     Plaintiff's Supplementation of Rule 26(a) Disclosures (DE 57)

"A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Here, plaintiff has made the corrective information in the motion known to defendants by filing and serving an amended calculation of damages.[2] Defendants did not file a response, and the court has no reason to deem disclosure untimely. Accordingly, plaintiff has fulfilled obligation to supplement disclosures under the rules. No amendment or further action is necessary. Plaintiff's motion is denied as moot.

C.     Plaintiff's Remaining Motions (DE 58, 69, 70, 71)

"[T]he IDEA requires that a reviewing court (1) receive the record of the administrative proceeding, (2) hear additional evidence at the request of a party, and (3) base its decision on the preponderance of the evidence." E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ., 773 F.3d 509, 516–17 (4th Cir. 2014) (citing 20 U.S.C. § 1415(i)(2)(C)). The judicial review provision under the IDEA "carries with it the implied requirement that due weight shall be given to these [state administrative] proceedings." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 206 (1982). "[D]istrict courts have the discretion to tailor their proceedings and to limit the introduction of 'additional evidence' under the IDEA." Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009). "A lax interpretation of 'additional evidence'

---

[2] The court construes plaintiff's motion as a supplemental disclosure under Fed. R. Civ. P. 26(e).

4

would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo.'" Springer v. Fairfax Cty. Sch. Bd., 134 F.3d 659, 667 (4th Cir. 1998) (internal citations omitted). Therefore "the exclusion of 'testimony from all who did, or could have, testified before the administrative hearing' would be 'an appropriate limit in many cases.'" Id. (internal citations omitted).

Plaintiff's motion styled as a "Motion for Amendment and Supplemental Pleadings to Include IDEA Claim," seeks to introduce additional evidence. (See Motion (DE 58)). The motion also raises legal arguments in support of her first and second causes of action in the second amended complaint. (See Motion (DE 58); Second Am. Compl. (DE 40) ¶¶ 37-67). However, plaintiff has not specified what amendment she seeks to make to her pleadings, and she did not file a proposed third amended complaint together with her motion to amend. See Fed. R. Civ. P. 15(a)(2); Local Civil Rule 15.1(a). Additionally, plaintiff does not discuss any transactions which occurred after initiating this action, making a supplemental complaint inappropriate. See Fed. R. Civ. P. 15(d). Insofar as plaintiff did intend to amend her pleadings, plaintiff's request under Fed. R. Civ. P. 15(a)(2) and 15(d) is denied. The court considers the substance of plaintiff's motion below.

Plaintiff first asks the court to include evidence from March 30, 2014, without specifying what evidence is being offered. Plaintiff makes reference to the John Thomas report, which was prepared by a specialist who observed N.C.'s behavior on March 27, 2014, and made recommendations for how to optimize N.C.'s educational experience. (See Transcript of Hearing

5

("Tr.") (DE 49-1) 420:15-20, 423:5-424:23).[3] The report was sent to defendants on March 30, 2014, but it is already included in the administrative record. (See Administrative Record (DE 56-10) at 28-30; Tr. (DE 49-1) 429:25-430:3). Plaintiff also fails to show that any evidence from March 30, 2014, could not have been offered at the administrative hearing nearly two and a half years later. Accordingly, the court denies plaintiff's motion to admit evidence from March 30, 2014.

Plaintiff also argues that the withholding the full John Thomas report significantly deprived plaintiff of meaningful participation in the decision-making process, and that the ALJ incorrectly applied the statute of limitations in this case. The court does not find any basis from plaintiff's argument to object or add to the administrative record. Insofar as plaintiff moves the court for a ruling that FAPE was violated or that the statute of limitations did not apply from October 4, 2014 to January 14, 2015, the court denies plaintiff's motion without prejudice to raising the issues in a dispositive motion upon completion of the administrative record and close of discovery. The court discusses plaintiff's request to include evidence from October 4, 2014, to January 14, 2015, below with plaintiff's motion to file exhibits.

Plaintiff seeks to introduce her deposition transcript, as well as the deposition transcripts of Mike Coleman and Lori Stuart. (See Motion (DE 69) at 2). However, plaintiff represents that these depositions were taken in March-April 2016. (See Motion (DE 69) at 2). These individuals had the opportunity to testify at administrative hearing on August 16-18, October 10-14, 20, 21, and 28, 2016. (See ALJ Decision (DE 50-3) at 304; Tr. (DE 49-1, 49-2, 49-3) 1, 162, 373, 570, 776, 1004, 1257, 1448, 1666, 1907, 2150). Therefore, the testimony provided in these deposition transcripts

---

[3] For citations to portions of the administrative record that are the transcript of the administrative hearing, the court references the transcript page number and line. All other references to page numbers are to the page number assigned by the court's electronic filing system unless otherwise specified.

could have been provided at administrative hearing in this matter, and only serves "to repeat or embellish [] prior administrative hearing testimony." Springer, 134 F.3d at 667 (quoting Town of Burlington v. Department of Educ., 736 F.2d 773, 790 (1st Cir. 1984)). Plaintiff's motion to admit into evidence deposition transcripts is denied.

Plaintiff moves the court to admit the following exhibits: 1) Order Setting Hearing and General Prehearing Order (01/21/2016); 2) Notice of Appearance for Rawson (01/27/2016); 3) Reply to Respondent's Response to Petitioners' Motion to Quash (02/24/2016); 4) Motion (and Proposed Order) to Continue Hearing (03/26/2016); 5) Reply to Response to Partial Motion to Dismiss (03/26/2016); 6) Petition for Contested Case (2nd Petition) (05/10/2016); 7) Order Continuing Hearing (06/13/2016); 8) Notice of Prehearing Conference (07/22/2106); 9) Petitioners' Witness List (08/09/2016); 10) Petitioners' Exhibit List (08/09/2016); 11) Petitioners' Proposed Order on the Final Pre-Trial Conference (08/09/2016); 12) Petitioners' Amended Issues for Hearing (08/11/2016); and 13) Notice of Definite Hearing Dates (08/18/2016). Defendants have already filed these agreed upon exhibits with their notice of objections and corrections to the record. (See (DE 67-1)). Therefore, the court denies plaintiff's motion as duplicative, but notes the agreed upon exhibits are admitted into the record based upon the agreement of the parties.

Plaintiff seeks to admit a request to the court for injunction, which was filed in December 2014. (Correspondence (DE 70-1)). However, the case number for this request for preliminary injunction is 14EDC07538. (See Correspondence (DE 70-1) at 1). The case currently before the court is numbered 16EDC00625 and 16EDC04763. (See Tr. (DE 49-1) 1). Plaintiff's request for preliminary injunction is from a separate petition for a contested case hearing, which plaintiff states was voluntarily dismissed with prejudice. (Pl. Reply (DE 73) at 5; see Correspondence (DE 70-1)

7

at 1). The proffered evidence is not relevant to the case at bar. Accordingly, the court denies plaintiff's motion to admit plaintiff's request for injunction to limit amount of exposure to special ed. class.

Plaintiff also seeks to exclude Petitioners' Exhibit 418 from the administrative record on the grounds that it is irrelevant and immaterial. The disputed portion of the exhibit is an audio recording of a private conversation between plaintiff and N.C.'s father that took place during an IEP meeting break. (See (DE 68)). Petitioners' Exhibit 418 is appropriately included as part of the administrative record. The recording was played during hearing on October 13, 2016, and was used to refresh plaintiff's recollection as to whether her husband told her she had been shouting, screaming, and insulting.[4] (Tr. (DE 49-2) 1261, 1265:10-1266:13). Thus, plaintiff's motion to exclude Petitioners' Exhibit 418 from the administrative record is denied.

Finally, plaintiff asks the court to admit a laundry list of exhibits into the record. (See Motion (DE 71) at 3-14). Plaintiff identifies many of these documents as already included in the NCDPI administrative record, and therefore the court does not admit them. (See Motion (DE 71) at 14). Plaintiff argues that the remainder of the proposed exhibits should be admitted because the ALJ improperly applied the statute of limitations and only allowed consideration of certain evidence for historical purposes. (See Motion (DE 71) at 2). Plaintiff's explanation falls short because the ALJ admitted evidence proffered by plaintiff but determined to be outside the limitations period into the administrative record. (See Tr. (DE 49-1, 49-2) 189:17-190:12, 345:20-24, 544:6-545:9, 555:25-556:10, 557:19-22, 567:8-19, 681:11-19, 768:8-769:5, 782:23-783:10, 793:2-11, 1068:10-1069:3).

---

[4] Plaintiff has not suffered any unfair prejudice through the admission of the recording, since the recording is one of petitioner's exhibits. See Fed. R. Evid. 403; (Administrative Record (DE 49-3) at 610-16). In any event, the recording is probative of defendants' theory that the IEP team had a difficult time collaborating with plaintiff, and would not be substantially outweighed by any prejudice accruing to plaintiff. (See Tr. (DE 49-2) 1262:20-1266:16).

8

Plaintiff does not specifically point to any pieces of evidence that were offered but excluded by the ALJ because they fell outside the applicable limitations period. In the absence of sufficient explanation to the contrary, the court concludes plaintiff could have offered any of the proposed evidence, (see Motion (DE 71) at 3-14), at administrative hearing and chose not to do so. Consequently, plaintiff's motion to admit evidence is denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion to amend Rule 26(a) disclosures (DE 57) is DENIED AS MOOT. Plaintiff's motion captioned "Motion for Amendment and Supplemental Pleading to Include IDEA Claim" (DE 58) is DENIED without prejudice to raising the legal issues asserted therein in a dispositive motion. Plaintiff's motion to admit into evidence and file under seal deposition transcripts (DE 69), motion to file objections and corrections to the administrative record (DE 70), and motion to file exhibits (DE 71) all are DENIED. Defendants' objections and corrections to the administrative record (DE 67) are SUSTAINED. Pursuant to the court's order dated July 2, 2018, the parties have 90 days from the date of this order to complete discovery and 30 days after the close of discovery to file dispositive motions.

SO ORDERED, this the 21st day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge