IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-00295-FL

**Elena Coleman**, on behalf of minor child, N.C**.**

        Plaintiff,

v.

**Wake County Board of Education**, et al

        Defendant.

**Order**

In August 2016, Elena Coleman filed a formal complaint against the Wake County Board of Education and the Wake County Public School System at the North Carolina Department of Public Instruction ("NCDPI") on behalf of her son, N.C., for alleged violations of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1401 *et seq*. After receiving an unfavorable ruling at the state agency, Coleman filed an appeal of the agency's decision in the Eastern District of North Carolina; she also added a claim for retaliation under the Rehabilitation Act to her federal lawsuit. Rehabilitation Act § 504, 29 U.S.C.S. § 794. The court limited discovery to her new retaliation and Rehabilitation Act claims, and with that limitation in place, Coleman served discovery requests on Wake County. Nine months after she received responses to those requests and without first conferring with the County, Coleman filed a motion to compel.

Because Coleman did not comply with the Federal Rule and Local Rule requiring her to first confer with the County before filing her motion to compel, the court denies her motion without prejudice. The court will grant her leave to refile her motion if she is unable to reach a satisfactory resolution to her issues with the County's discovery responses through conferral.

## I. Background

During the 2014–2015 school year, N.C. was enrolled at Root Elementary School's special education class at due to his autism, obsessive compulsive disorder, and severe anxiety. Second Am. Compl. ¶¶ 2, 74, D.E. 40. Over the course of the school year, school personnel restrained N.C. several times after "escalations" in his behavior such as kicking, yelling, hitting, and otherwise assaulting teachers. *Id.* at ¶¶ 70–75. Coleman claims N.C. never behaved so aggressively at his previous school and that Root Elementary teachers were not properly trained to apply his Individualized Education Program ("IEP") and Crisis Plan. *Id.* at ¶¶ 70, 80–103.

Upon a formal complaint from Coleman, an NCDPI ALJ held an administrative hearing on these incidents in August and October 2016. *Id.* at ¶ 5. The hearings revolved around Coleman's IDEA claims, and those claims went through a full discovery process. *Id.*; Scheduling Order, D.E. 47. The ALJ ultimately ruled against Coleman.

Several months after receiving the unfavorable ruling, Coleman and N.C. were removed from a Wake County Public School playground, and Coleman was subsequently barred from all Wake County Public School properties. Compl. ¶¶ 248–54. She claims this incident was in retaliation for the NCDPI hearing. *Id.* at ¶ 252.

In June 2017, Coleman appealed the ALJ's decision to this court, and two months later, Coleman was arrested for trespass after chasing her son onto another Wake County elementary school property. *Id.* at ¶ 255–59. Coleman alleges that the arrest was in retaliation for her appeal in this court and was an attempt to intimidate her into not pursuing her case. *Id.* at ¶ 264.

Because the IDEA claims had already been through a full discovery process in the NCDPI hearing, the court limited the scope of discovery to the retaliation claims. Many months after Wake County responded to Coleman's first set of discovery requests, Coleman filed a

motion to compel discovery. She claims, among other things, that Wake County's responses are either incomplete or vague and that all her requests are within the scope of discovery. Wake County claims that it did not know Coleman had any issues with its responses because she failed to "meet and confer" as required by Federal Rule of Civil Procedure 37 and Local Rule 7.1(c).

**II. Discussion**

Federal Rule of Civil Procedure 37 governs motions to compel. The rule requires moving parties to include a certification that they "in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Like Rule 37, Local Rule 7.1(c) also requires moving parties to certify that they have made a good-faith effort to resolve discovery issues before filing motions. Local Civ. R. 7.1(c), E.D.N.C. The purpose of these rules is to encourage parties to resolve their disputes without court intervention. *Merz N. Am., Inc.* v. *Cytophil, Inc.*, No. 5:15-CV-262-H-KS, 2017 WL 4274856, at *2 (E.D.N.C. Sept. 26, 2017).

In most cases, in addition to expressly asserting a good-faith conferral attempt in the motion, the moving party provides copies of communications between the parties as proof of a good-faith effort to resolve discovery issues. This shows the court evidence of the parties' conferral efforts. *See, e.g.*, *BlackRock Eng'rs, Inc.* v. *Duke Energy Progress, LLC*, No. 7:15-CV-250-D, 2018 WL 4409377, at *4 (E.D.N.C. Sept. 17, 2018) (moving party provided copies of emails between the parties); *Davenport* v. *Elks,* No. 5:13-CT-3203-BO, 2015 WL 7306446, at *2 (E.D.N.C. Nov. 19, 2015) (same); *Johnson* v. *N.C. Dep't of Justice*, No. 5:16-CV-00679-FL, 2018 WL 5831997, at *3 (E.D.N.C. Nov. 7, 2018) (same). But production of communications alone does not prove good-faith conferral or good-faith attempts at conferral. *See, e.g., BlackRock Eng'rs, Inc.,* 2018 WL 4409377 at *5 (holding no good-faith conferral occurred even

3

though the moving party provided copies of emails between the parties); *Davenport,* 2015 WL 7306446 at *3 (E.D.N.C. Nov. 19, 2015) (same).

Although there is no definition of what constitutes a good-faith effort to meet and confer, it is characterized as a "meaningful opportunity to resolve . . . dispute[s] without court intervention." *Velasquez-Monterrosa* v. *Mi Casita Rests.,* No. 5:14–CV–448–BO, 2015 WL 1964400, at *4 (E.D.N.C. May 1, 2015). At a minimum, there must be a record of repeated attempts to set up a meeting. *See, e.g.*, *Johnson,* 2018 WL 5831997 at *6 (finding a good-faith attempt when moving party submitted evidence that showed repeated requests to set up a meeting).

Coleman did not certify in her motion that she engaged in a good-faith effort to meet and confer with Wake County. Nor did she provide evidence that she contacted Wake County before filing her motion to compel. It is unsurprising then that Wake County claims it had no idea that Coleman had any complaints about its discovery responses until she filed the motion. Resp. to Mot. to Compel at 3, D.E. 76. Based on these facts, Coleman failed to comply with Rule 37's meet and confer requirement, and, as a result, her motion is dismissed without prejudice.

### III. Conclusion

Coleman has not provided Wake County a meaningful opportunity to resolve her disputes with its discovery responses because she did not inform Wake County that there were any deficiencies with its discovery responses. And Coleman has not produced any contradictory proof that she made them aware of any problems before she filed her motion to compel.

Because she did not attempt to resolve her discovery issues before filing her motion to compel, the court dismisses Coleman's motion to compel without prejudice. If Coleman wishes to pursue her motion, she shall set up a time to discuss her concerns with Wake County's

4

attorneys. If Coleman is still dissatisfied with the discovery responses after discussing the matter with Wake County, she may refile her motion to compel (which must include the certification required by Rule 37).

Dated: July 8, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge