IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-295-FL

| | |
|---|---|
| ELENA COLEMAN, on behalf of minor child N.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>WAKE COUNTY BOARD OF )<br>EDUCATION, and WAKE COUNTY )<br>PUBLIC SCHOOL SYSTEM, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on pro se plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] (DE 106). The issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for relief from judgment or to amend or alter the judgment is denied.

**BACKGROUND**

Plaintiff commenced this action on June 16, 2017. After receiving leave to proceed in forma pauperis, plaintiff filed an amended complaint on September 1, 2017, and second amended complaint with leave of court on March 30, 2018. Plaintiff alleged that defendants failed to reasonably calculate and implement N.C.'s individualized education program ("IEP"), thereby

---

[1] Also pending before the court are plaintiff's motion for extension of time to file memorandum of law and motion to admit exhibits into evidence. (DE 107, 108). Where the court denies plaintiff's motion for relief from judgment, these motions are denied as moot.

Case 5:17-cv-00295-FL   Document 110   Filed 05/12/20   Page 1 of 8

denying him a FAPE.  Plaintiff also alleged defendants committed a procedural violation of the IDEA.  Finally, plaintiff alleged retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. 794(d), arising out of enforcement of a no-trespass order prohibiting plaintiff from coming on to any Wake County Public School System ("WCPSS") property.

The court entered scheduling order in this case on July 2, 2018.  The order directed that each party would have 30 days after filing of the administrative record to submit objections and amendments, and that the administrative record would be settled as of the date the court ruled on any objections or proposed amendments.  (Scheduling Order (DE 47) at 1).  The court further ordered that "[i]f either party wishes to have the court consider evidence related to [plaintiff's IDEA] claims that is outside of the administrative record, that party shall file a motion to that effect no later than 30 days after the administrative record is complete."  (Scheduling Order (DE 47) at 1).  Finally, the court allowed plaintiff 90 days after competition of the administrative record to complete discovery pertaining to plaintiff's Rehabilitation Act and ADA claims, with dispositive motions due 30 days after the close of discovery.  (Scheduling Order (DE 47) at 1–2).

On September 19, 2018, and November 6, 2018, defendants filed portions of the administrative record of state proceedings.  On November 21, 2018, and January 18, 2019, plaintiff filed several motions seeking to amend and supplement the administrative record with numerous additional pieces of evidence.  The court disposed of these motions for the instant IDEA claims on March 21, 2019.  (Order (DE 74)).  Where the administrative record was settled on March 21, 2019, any further motions by plaintiff for consideration of additional evidence should have been filed by April 22, 2019.  See Fed. R. Civ. P. 6(a)(1)(C).

After a contentious period of discovery on plaintiff's ADA and Rehabilitation Act claims, defendants filed their instant motions for judgment on the administrative record and motion for summary judgment. In support of their motion for summary judgment on plaintiff's retaliation claims, defendants relied upon the administrative record, the documents attached to the pleadings, testimony of Russ Smith ("Smith"), defendant Wake County Board of Education's senior director of security; Kimberly Grant ("Grant"), principal of Lynn Road Elementary School from July 1, 2013, to April 1, 2017; and a findings letter from the United States Department of Education Office for Civil Rights ("OCR").

After defendants filed their respective dispositive motions, plaintiff did not file a response in opposition to defendants' motion for judgment on the administrative record. However, plaintiff did file her response in opposition to defendants' motion for summary judgment, relying upon voluminous documents and testimony.

On February 3, 2020, the court granted defendants' motion for judgment on the administrative record as to plaintiff's IDEA claims and defendants' motion for summary judgment as to plaintiff's ADA and Rehabilitation Act claims. In setting forth the standard of review for defendants' motion for judgment on the administrative record as to plaintiff's IDEA claims, the court held that it would not consider additional evidence submitted by the plaintiff in opposition to defendants' motion for summary judgment. The court explained that the documents proffered by plaintiff in opposition to summary judgment were not filed until November 4, 2019, and plaintiff failed to demonstrate good cause why this evidence was not timely submitted to the court pursuant to its scheduling order. The court articulated a different standard of review for defendants' motion for summary judgment and did consider plaintiff's evidence in opposition to defendants' motion when evaluating plaintiff's ADA and Rehabilitation Act claims.

Plaintiff filed the instant motions on March 6, 2020. Plaintiff requests that the court consider her evidence submitted in opposition to summary judgment as additional evidence in support of her IDEA claims. Plaintiff also requests that the court consider a policy implemented by defendant WCPSS regarding reporting teachers exhibiting abusive behavior to the state board of education, claiming such policy is newly discovered evidence.

**COURT'S DISCUSSION**

A.  Standard of Review

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter or amend a judgment, and Federal Rule of Civil Procedure 60(b) provides for relief from a judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n. 4 (4th Cir. 2011). A Rule 59(e) motion to alter or amend must be filed within 28 days of the judgment, but if the motion is filed later, Rule 60(b) controls. See Fed. R. Civ. P. 6(d)(2), 59(e); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008) (noting that because defendant's Rule 60(b) motion was filed within ten days of the judgment, it was properly construed as a Rule 59(e) motion). In this case, plaintiff filed the instant motion more than 28 days after the judgment; thus, the motion will be analyzed under Rule 60(b).[2]

Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense], and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotation omitted). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Id. Those grounds for relief are

---

[2] Like plaintiff's motion to amend or alter judgment, plaintiff's motion for new trial under Rule 59(a) is untimely. See Fed. R. Civ. P. 6(d)(2), 59(b). In any addition, no trial occurred, rendering plaintiff's motion for new trial moot.

4

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b).

B.  Analysis

As noted above, one "threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). "A meritorious defense [or claim] requires a proffer of evidence which would permit a finding for the [moving] party." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Plaintiff fails to make this threshold showing. With respect to the evidence submitted in opposition to defendant's motion for summary judgment, the court already considered such evidence in disposing of plaintiff's ADA and Rehabilitation Act claims. Relief from judgment is likewise futile with respect to plaintiff's IDEA claims. The affidavits of plaintiff (DE 103-1), her husband (DE 103-2), and Fidel Kandell (DE 103-3), along with numerous exhibits, would not be admitted as additional evidence for purposes of plaintiff's IDEA claims, where most of this testimony and evidence was or could have been presented at N.C.'s due process hearing. See Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009); Springer v. Fairfax Cty. Sch.

Bd., 134 F.3d 659, 667 (4th Cir. 1998). The affidavit of Tatiana Killingsworth (DE 103-3), along with several other exhibits, are entirely irrelevant to plaintiff's IDEA claims. See Fed. R. Evid. 401. The remaining exhibits which could not have submitted at the time of N.C.'s due process hearing and which pertain to N.C.'s disability, even if believed, do not provide plaintiff with a potentially meritorious claim.

The same is true of plaintiff's alleged "newly discovered evidence" — defendant WCPSS has a protocol for reporting teachers to the State Board of Education when they exhibit abusive behavior towards a student. Plaintiff offers no explanation as to how this protocol makes any of her claims potentially meritorious. Thus, plaintiff has failed to make the threshold showing necessary to warrant relief under Rule 60.

Even if the court were to assume, contrary to its holding herein, that plaintiff did have a potentially meritorious claim warranting relief from judgment, she still is not entitled to relief on the two grounds she asserts: excusable neglect and newly discovered evidence. (Mot. for Relief (DE 106) at 1); see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 301 (4th Cir. 2017) (analyzing both the threshold requirements of Rule 60(b) and the permissible grounds for relief).

In evaluating a claim of "excusable neglect," the court considers "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." In re MI Windows & Doors, Inc., Prod. Liab. Litig.., 860 F.3d 218, 226 (4th Cir. 2017) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)); see also Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992) ("[A] party must demonstrate inter alia that he was not at fault and that the

nonmoving party will not be prejudiced by the relief from judgment."). "[N]o factor is dispositive," and "inadvertence, ignorance of the rules, or mistakes construing the rules usually do not constitute 'excusable' neglect." In re MI Windows & Doors, 860 F.3d at 226; Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)."). However, excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In re MI Windows & Doors, 860 F.3d at 226.

Weighing all pertinent considerations under Pioneer Inv. Servs., plaintiff fails to demonstrate excusable neglect. First, plaintiff significantly delayed her motion to admit additional evidence from April 22, 2019, to March 6, 2020. (DE 108). Such delay has caused disruption to the judicial proceedings in this case and would prejudice defendants by requiring them to relitigate their dispositive motions. Second, plaintiff's copious filings indicate she generally was aware of her obligation to file motions to amend or supplement the administrative record, undermining her assertion of good faith for the delay in filing the motion. (See DE 58, 69, 70, 71). Third, plaintiff's purported reason for the delay — inadvertence based on her pro se status — was within her reasonable control by reading the court's scheduling order and understanding the deadlines imposed in this case. (See DE 47). Accordingly, plaintiff's neglect in failing to file a motion to consider additional evidence is not excusable.

"[T]he standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60." Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). For relief from judgment to issue, a party must show:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been

exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Id. (citations omitted).

Crediting plaintiff's assertion that she discovered the policy of defendant WCPSS regarding reporting abusive teachers after entry of judgment, (Mot. for Relief (DE 106) at 2), plaintiff fails to show that such policy could not have been discovered with due diligence on plaintiff's part during the discovery period. Plaintiff also fails to show that such evidence is material to her claims, or that the policy is likely to produce a new outcome on her claims. Accordingly, plaintiff's attempt to introduce evidence of the policy of defendant WCPSS is not newly discovered evidence warranting relief from judgment.

## CONCLUSION

Based on the foregoing, plaintiff's motion for relief from judgment (DE 106) is DENIED. Plaintiff's motion for extension of time to file memorandum of law (DE 107) and plaintiff's motion to admit exhibits into evidence (DE 108) are DENIED AS MOOT.

SO ORDERED, this the 12th day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge